**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **NANCY O'DELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No.  1:23-cv-00474-HAB-SLC** |
| | ) | |
| **SPEEDWAY LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On November 9, 2023, Defendant removed this action to this Court from the Noble County Circuit Court, alleging diversity of citizenship as the basis for jurisdiction under 28 U.S.C. § 1332. (ECF 1). Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant's allegations about its citizenship in the notice of removal require one point of clarification. Defendant, a limited liability company (LLC), recites that it is "wholly owned by SEI Speedway Holdings, LLC," which in turn is "wholly owned by 7-Eleven, Inc., a Texas corporation with its principal place of business in Texas." (ECF 1 ¶ 2). But as this Court has oft observed, the citizenship of a limited liability company (LLC) "for purposes of . . . diversity jurisdiction is the citizenship of its *members*." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (emphasis added).[1]

As such, the Court must be advised of the identity and citizenship of each *member* of an

---

[1] Consequently, Defendant's recitation that it is "a Delaware LLC, with its principal place of business in Texas" (ECF 1 ¶ 2), is irrelevant for purposes of determining its citizenship for diversity jurisdiction.

LLC for purposes of diversity jurisdiction. *See, e.g.*, *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner of a partnership for diversity jurisdiction purposes). For any member who is an unincorporated association such as an LLC or partnership, Defendant must trace the member's citizenship through all applicable layers of ownership to ensure that no member shares a common citizenship with Plaintiff. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, rather than summarily alleging that it or another LLC is "wholly owned" by another entity, Defendant is ORDERED to file on or before November 21, 2023, a supplemental jurisdictional statement that identifies the name and citizenship of each *member* of Defendant Speedway LLC, and then traces the member's citizenship through all applicable layers. *See Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (stating that the party seeking to invoke federal diversity jurisdiction bears the burden of demonstrating that the requirement of complete diversity has been met).

SO ORDERED.

Entered this 14th day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge